```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DAVID J. LINDSAY,

                    Petitioner,

vs.                               Case No. 2:06-cv-259-FtM-29DNF

SHERIFF DON HUNTER,

                    Respondent.
_____

## **OPINION AND ORDER**

### I.

This matter comes before the Court on Petitioner, David Lindsay's, *pro se* Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. #3, Petition) filed May 23, 2006. Respondent, Sheriff Don Hunter, filed a Response to the Petition (Doc. #22, Response) on November 2, 2007. Respondent submitted a composite exhibit in support of his Response (Doc. #22-2, Exh. A). After being granted four extensions of time, Petitioner file a Reply to the Response (Doc. #36, Reply) on May 22, 2008, and an Amendment to Reply (Doc. #36) on June 25, 2008. Thereafter, Petitioner requested leave to file a supplemental reply (Doc. #38). The Court permitted Petitioner to file a single free-standing Second Amended to Reply, which was not to exceed 20 pages, granted him an extension to file the Second Amended Reply, and subsequently permitted Petitioner's Second Amended Reply to comprise not more than 30 pages. See Orders of Court dated October 7, 2008 (Doc. #41) and December 11, 2008 (Doc. #44). On January 2, 2009,

Petitioner filed a Second Amended Reply (Doc. #45, Second Amended Reply), which is 30 pages in length and attaches over 140 pages of exhibits and is deemed the operative Reply by Petitioner to the Response. This matter is now ripe for review.

**II.**

On September 2, 2003, Lindsay was arrested by the Collier County Sheriff's Office, pursuant to a warrant for Attempted First Degree Murder, Violation of an Injunction for Protection, Domestic Violence, False Imprisonment, and Burglary of a Structure. Response, Exh. A at 20-27.[1] Petitioner initiated the instant Petition while a pre-trial detainee at the Collier County Naples Jail Facility, operated by the Respondent, awaiting trial on the above enumerated charges. The Petition identifies the following six grounds for relief: (1) denial of Petitioner's right to a speedy trial, (2) denial of Petitioner's right to effective representation, (3) denial of the "compulsory process of obtaining witnesses on [Petitioner's] behalf," (4) "obstruction of [Petitioner's] right to petition the court for redress of his grievances," (5) denial of Petitioner's rights to Due Process and Equal Protection, and (6) denial of Petitioner's "relentless efforts to initiate criminal proceedings for crimes committed against [Petitioner]." Petition at 5-8. The Petition does not

---

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

specify what type of relief Petitioner is seeking from the Court. See generally Petition.

Subsequent to the filing of his Petition, on September 18, 2007, Lindsay entered a plea of *nolo contendere* to the charge of Burglary with Assault and Battery, in the matter of State v. David J. Lindsay, Case No. 03-02581 CFA, Circuit Court for the 20th Judicial Circuit in Collier County, Florida. Response, Exh. A at 1-2. The same day, Petitioner was adjudicated guilty consistent with his plea and sentenced to nineteen (19) years imprisonment in the Florida Department of Corrections. Id. On September 28, 2007, Lindsay was transferred from the custody of the Respondent into the custody of the Florida Department of Corrections and is currently incarcerated within a state penal institution.

Respondent seeks dismissal of the Petition on the grounds that the Petition is moot as against the named Respondent, the Sheriff of Collier County. Response at 4. Further, Respondent submits that each of the grounds were waived by entry of Petitioner's *nolo contendere* plea. Id. at 5-6. Finally, Respondent argues that grounds 4 and 6 of the Petition fail to state a claim for habeas relief. Id. at 6. For the reasons set forth below, the Court will dismiss the Petition in its entirety.

**III.**

At the outset, the Court notes that habeas corpus does not lie, absent special circumstances, "to adjudicate the merits of an

affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, (1973) (citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985)(federal habeas corpus could not be used "absent special and unique circumstances" to adjudicate the merits of speedy trial defense to pending state charges) (citing Braden, other citation omitted). In Braden, the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and was not attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491. Here, even if the Court construes the Petition as seeking to enforce Petitioner's speedy trial rights, such relief is now moot in light of Petitioner entering a *nolo contendere* plea.

Further, Petitioner's entry of a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a plea of guilty. See Hudson v. United States, 272 U.S. 451, 455 (1926) (stating that a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case); Williams v. Wainwright, 604 F.2d 404, 407 (5th Cir. 1979)[2] (holding that a plea of *nolo contendere* waives all nonjurisdictional defects); Vinson v. State,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-4-

345 So.2d 711, 715 (Fla. 1977). Thus, Lindsay's plea waives a multitude of federal constitutional rights, including the privilege against compulsory self-incrimination, the right of confrontation, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."). Only challenges to the voluntariness and intelligent entry of a plea can be advanced on appeal. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991). See also Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

Here, the various claims raised in the instant Petition do not challenge the voluntariness of Petitioner's plea, since the instant Petition was filed prior to Lindsay entering his plea.[3] Further, as pointed out by Respondent, Grounds 4 and 6 are not cognizable in

---

[3]In his Second Amended Reply, Petitioner claims that his plea was "coerced" and now seeks release from incarceration. Second Amended Reply at 3-4.

a habeas proceeding because they do not challenge the fact or duration of Petitioner's confinement.

Based upon the foregoing, the Petition *sub judice*, in its entirety, must be dismissed. To the extent that Petitioner wishes to challenge the voluntariness of his plea which has resulted in his conviction and current incarceration, he must initiate a new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has fully exhausted his state court remedies.

Therefore it is now

**ORDERED and ADJUDGED:**

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #3) is **DISMISSED.**

2. The Clerk of Court shall: enter judgment accordingly; terminate any motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of January, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record